## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KAJEET, INC.,** | § | |
| | § | **C.A. No. 21-cv-6-MN** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **MOSYLE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S BRIEF IN OPPOSITION
## TO DEFENDANT'S FRCP 12(b)(6) MOTION TO DISMISS

Dated:  April 8, 2021

Of Counsel:

Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio, Jr.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Kajeet, Inc.*

**TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II.   SUMMARY OF THE ARGUMENT ................................................................................ 2

    A.   Sufficiency of Allegations for Direct Infringement ............................................... 2

    B.   Sufficiency of Allegations for Indirect Infringement ............................................ 3

III.   STATEMENT OF FACTS ............................................................................................. 3

IV.   LEGAL STANDARDS ................................................................................................. 5

    A.   Rule 12(b)(6) Standards ......................................................................................... 5

    B.   Sufficiency of Pleadings for Allegations of Patent Infringement .......................... 5

V.   ARGUMENT ................................................................................................................ 6

    A.   Kajeet Sufficiently Pled Direct Infringement ........................................................ 6

    B.   Kajeet Sufficiently Pled Indirect Infringement .................................................... 11

    C.   Kajeet's Causes of Action Should Not be Dismissed Based on § 287 (a) .......................... 14

VI.   CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases:**

*ActiveVideo Networks, Inc. v.* Verizon *Communs., Inc.,*
    694 F.3d 1312 (Fed. Cir. 2012)....................................................................................20

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................................................6, 7

*Collabo Innovations, Inc. v. OmniVision Techs., Inc.,*
    2017 U.S. Dist. LEXIS 10199 (D. Del. January 25, 2017)................................................18

*Crown Packaging Tech., Inc. v. Reexam Bev. Can Co.,*
    559 F.3d 1308, 1386 (Fed. Cir. 2009).................................................................................20

*Customedia Techs., LLC v. Dish Network Corp,*
    951 F.3d 1359 (Fed. Cir. 2020).......................................................................................14

*Deere & Co. v. AGCO Corp.,*
    2019 U.S. Dist. LEXIS 25885 (D. Del. Feb. 19, 2019).......................................................17

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,*
    888 F.3d 1256 (Fed. Cir. 2018)........................................................................................7

*Express Mobile, Inc. v. DreamHost LLC,*
    2019 U.S. Dist. LEXIS 101468 (D. Del. June 8, 2019).....................................................20

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009).............................................................................................6

*Groove Digital, Inc. v. Jam City, Inc.,*
    2019 U.S. Dist. LEXIS 13563 (D. Del. Jan. 29, 2019).......................................................7

*Innovative Global Sys., LLC,*
    2020 U.S. Dist. LEXIS 50657 (D. Del. 2020) .............................................................9, 10

*Jedi Techs., Inc. v. Spark Networks, Inc,*
    2017 U.S. Dist. LEXIS 122313 (D. Del. Aug. 3, 2017) .......................................................7

*Kajeet, Inc. v. Qustodio, LLC,*
    2019 U.S. Dist. LEXIS 228067 (C.D. Cal. November 1, 2019)...........................................
    1, 2, 4, 5, 6, 7, 12, 14

*LoganTree LP v. Omron Healthcare, Inc*,
   2019 U.D. Dist. LEXIS 159730 (D. Del. Sept. 19, 2019) ..............................................7, 16

*10x Genomics, Inc. v. Celsee, Inc.*,
   2019 U.S. Dist. LEXIS 188516 (D. Del. Oct. 30, 2019) .......................................................6

*Waymark Corp. v. Porta Sys. Corp.*,
   245 F.3d 1364 (Fed. Cir. 2001).........................................................................................17

**Other:**

35 U.S.C. §271(a) .......................................................................................................17

35 U.S.C. §287(a) .................................................................................................2, 19, 20

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 6, 8

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Kajeet, Inc. ("Plaintiff" or "Kajeet") files this Response to Mosyle Corp.'s ("Defendant" or "Mosyle") Fed. R. Civ. P. 12(b)(6) renewed Motion to Dismiss Kajeet's First Amended Complaint ("Motion"). For the following reasons, the Court should deny Mosyle's Motion in its entirety.

As an initial matter, Plaintiff notes that its recently filed First Amended Complaint ("FAC") in this case was made in response to this Court's Memorandum Order (D.I. 36) in a related case, *Kajeet, Inc. v. Gryphon Online Safety, Inc.*, Case No. 19-cv-2370-MN on March 1, 2021. In the Order, the Court granted in part Gryphon's Motion to Dismiss as it related to the *Iqbal/Twombly* pleading standard for Kajeet's claims of direct infringement and indirect infringement. Kajeet complied with the Court's Order, amending its Complaint (D.I. 38) to include a claim chart mapping factual allegations made therein to specific elements of the asserted claim and including links to product literature and videos showing operation of the accused products. Kajeet additionally included allegations showing compliance with the marking statute. Gryphon has since abandoned its challenges to the sufficiency of Kajeet's complaint.

Kajeet made the same amendments to its Complaint in the present case as in *Gryphon* to satisfy the standards laid out by the Court and to maintain consistency in the several concurrent litigations asserting the '559 Patent in this Court. Despite this, Mosyle has opted to engage in serial motion practice to present now-baseless challenges to the sufficiency of Kajeet's FAC, which represents nothing more than an attempt by Mosyle to further stall this case.[1]

---

[1] Mosyle has indicated that it would not participate with Kajeet and the Defendants in other pending actions to coordinate a combined schedule for all pending cases in light of its currently pending, second Motion to Dismiss. Mosyle's continued attempts to delay this case from

## II.      SUMMARY OF THE ARGUMENT

### A.      The Allegations Are Sufficient to Plead Direct Infringement

Defendant contends that Kajeet has not met the pleading standards for direct infringement. In direct conflict with this Court's holdings in other cases, Defendant would hold Plaintiff to a higher standard than is required at the pleadings stage where factual allegations must be taken as true, and it would require a higher degree of specificity than is required.

Kajeet's FAC  is sufficiently pled.  It includes factual allegations identifying particular models of products that infringe at least one claim of the asserted patent – specifically, claim 27 of the '559 patent.  The FAC also provides factual allegations describing the operation of the accused products, their structure and components, and which plausibly show how the accused products meet each and every limitation of the asserted claim.  These allegations are based on information obtained from publicly available descriptions of the accused products authored by Defendant, printouts of which are attached to the FAC as Exhibits C-E.  *See*, D.I. 14-3, 14-4, 14-5.  Indeed, the FAC goes even further and includes by reference links to several videos available on Mosyle's website and its YouTube channel addressed to the operation and use of the accused products (D.I. 14 at 16, fn. 3) which are consistent with the factual allegations of the FAC supporting Kajeet's claim of direct infringement.  *See*, D.I. 14 at ¶ 28; fn. 3.

Kajeet has included in its FAC reference to much of the limited information describing the accused products made publicly available by Mosyle, and has presented this in support of a claim chart mapping the asserted claim to the accused products.  As such, the FAC undoubtedly includes more than enough information to provide Mosyle with "fair notice" of Kajeet's claims. Mosyle effectively admits as much in its Motion, stating that it understands Kajeet is asserting

---

progressing have since been addressed by the Court in an Oral Order (D.I. 20) entered on April 5, 2021 requiring Mosyle to participate in scheduling discussions and submit a joint proposal.

direct and indirect infringement of claim 27 of the '559 patent by the Mosyle Manager product

and corresponding applications including Mosyle Business and Screen Guide.  D.I. 17 at 2.

### B.        The Allegations Are Sufficient to Plead Indirect Infringement

Further, the FAC provides comprehensive factual statements addressing each of the

elements of indirect infringement, including the requisite knowledge component. Indirect

infringement, including both inducement and contributory, requires the plaintiff to plead that the

defendant has knowledge of the patent. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d

1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of

the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage

another's infringement of the patent."); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S.

632, 135 S. Ct. 1920, 1926, 191 L. Ed. 2d 883 (2015) ("[C]ontributory infringement requires

knowledge of the patent in suit and knowledge of patent infringement."). Here, Kajeet alleged

the requisite knowledge component in both its Original Complaint and FAC.

### III.    STATEMENT OF FACTS

Kajeet was founded in 2003 with the aim of developing solutions to an emerging

technological problem - how to ensure safe operation of mobile communication devices by

children and others. The known systems and methods for control prior to the time of the patented

invention were largely inadequate and relied upon removing access to the communication device

to prevent disallowed usage or utilized policy-based controls in which the policies were stored

locally within accessible portions of the device's memory. Policies are essentially rules that

govern how and when users may utilize various functions of a mobile device. The prior systems

were ineffective because the policies were locally accessible for manipulation or deletion and

because each communication device to be controlled needed to be separately and independently

configured. Kajeet addressed these shortcomings by storing usage policies remotely from the communication device(s). This arrangement improved operation of the systems through improved security from user manipulation while accommodating real-time control of one or more devices which could be grouped to apply a set of policies to each simultaneously.

Kajeet's efforts and ingenuity have yielded thirty-five U.S. Patents, many of which share a common specification to that of the asserted patents in this case. The Patents-in-Suit discuss how the proliferation of cell phones and other communication devices in modern life created the problem of providing adequate control over these devices, which typically accommodate a wide range of functionality accessible at any time from virtually anywhere.

Critically, the Patents-in-Suit note that prior art methods of controlling use of computing devices (*i.e.*, removing access by taking the device away or disabling it) were unworkable because they deprived the user of allowable uses of the device to prevent disallowed uses. The patents make clear that the problem to be solved is how to maintain effective control to prohibit certain uses while still allowing approved uses, all in the context of the user possessing the device at all times even when apart from or not in contact with the parent/administrator.

Kajeet's inventions provide access to desirable features, such as always allowing for calls to a parent, for example, while also preventing access to features deemed inappropriate because of cost (e.g., downloadable games or other applications), type of content (e.g., gambling or pornographic content), the time of day or night (e.g., during school hours or after bed time), and/or the device's location, among other criteria. The Patents-in-Suit disclose the use of policies defining acceptable and unacceptable uses of a mobile communication device based on a variety of contexts which are set by administrators (e.g., parents or teachers) at the server level to control use of one or more mobile communication devices. This represented an unconventional scheme

4

that was neither well known nor routine for addressing a newly emerging problem in society. The inventions disclosed and claimed in the Patents-in-Suit provided for more robust control that was more resilient to manipulation and/or disablement by users of the controlled devices and, therefore, more effective than prior art systems and methods.

## IV.   LEGAL STANDARDS

### A.      Rule 12(b)(6) Standards

To survive a motion to dismiss under Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *10x Genomics, Inc. v. Celsee, Inc.*, 2019 U.S. Dist. LEXIS 188516, *4 (D. Del. Oct. 30, 2019). This "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Id*.

### B.      Sufficiency of Pleadings for Allegations of Direct Patent Infringement

To satisfy the pleading standard in a patent case, "[s]pecific facts are not necessary." *Groove Digital, Inc. v. Jam City, Inc.*, 2019 U.S. Dist. LEXIS 13563, at *9 (D. Del. Jan. 29, 2019). Rather, a complaint need only include allegations sufficient to provide "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.* The Federal Circuit has held that a complaint listing the asserted patents, specifically identifying accused products, and alleging that the accused products meet each and every element of at least one claim, is sufficient

5

to meet the pleadings requirements under the plausibility standard of *Iqbal/Twombly*. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). This Court has followed the Federal Circuit's guidance in *Disc Disease* in denying a motion challenging sufficiency of pleadings for direct infringement, while noting that the proper inquiry in deciding a motion to dismiss is the "plausibility" of allegations rather than the "viability" thereof. *LoganTree LP v. Omron Healthcare, Inc.*, 2019 U.S. Dist. LEXIS 159730 at *7-9 (D. Del. Sept. 19, 2019).

## V.   ARGUMENT

### A.   Kajeet Sufficiently Pled Direct Infringement

For the reasons set forth in this Court's opinion in the *LoganTree* case, Kajeet's FAC includes sufficient allegations that the accused products meet each and every element of the asserted claims. *Id.*, at *7-9. The FAC clearly identifies the asserted patents and asserted claim. Specifically, the FAC alleges infringement of claim 27 of the '559 patent. D.I. 14, at ¶¶ 8, 28, 43 ("Mosyle's quality testing and demonstrations of operation of the Accused Products to manage uses of computing devices directly infringe, either literally or under the doctrine of equivalents, at least claim 27 of the '559 Patent"); also attached as Exh. A.

The Accused Products of Mosyle are also identified very clearly in the FAC using the product names consistent with those presented on Moysle's website and limited product literature. D.I. 14 at ¶ 21 ("The Accused products of Mosyle include all versions of the Mosyle Manager product and corresponding mobile applications including Mosyle Business and ScreenGuide"); *see, also* D.I. 14 at ¶ 22-28 (describing operation of identified Accused Products giving rise to infringement claim and charting to asserted claim); and, D.I. 14 at Exhs. C-E.

The FAC provides a thorough description of the structure and operation of the accused products which culminates in a claim chart specifically tying factual allegations made to the claim limitations that each satisfies.  D.I. 14 at ¶ 22-28.  The factual allegations of the FAC showing infringement by Mosyle include at least the following:

1.    Mosyle provides the Mosyle Manager, Mosyle Business, and ScreenGuide products which allow parents and/or other administrators to effect policy-based control over computing devices. The Accused Products manage use of mobile devices, such as phones, tablets, and the like, which are connected to the Internet through an Internet Service Provider (ISP).

2.    The Accused Products utilize local agent software on the controlled device to formulate and route requests through one or more Mosyle servers. Mosyle's servers store and apply acceptable use policies, including screen time allowance, among others, which are set by administrators, to control device use. Mosyle's local agent software causes actions taken and content viewed on a managed device to be routed through one or more Mosyle servers.

3.    The Accused Products either permit requested usage or block it in accordance with the decision received from a Mosyle network server making policy decisions. Rules, such as time usage limits and application rules are configured by administrators (i.e., parents, teachers, business owners) via a web dashboard interface and are stored on Mosyle's servers. Rules are applied in real time to allow / disallow use of various functions on the managed device.

4.    Based on the decision received from Mosyle's server(s) applying the policy, the Accused Products operate to either permit or block the requested function. The policy, or policies, upon which the decision is based are set and stored on Mosyle's servers and not on the managed device.  D.I. 14 at ¶ 28.

Kajeet makes these allegations based upon its review of the limited product literature authored by Mosyle describing its infringing products, including videos published on Mosyle's website and YouTube channel and the respective product pages describing operation of the ScreenGuide mobile application available through the Apple and Google app stores, respectively. D.I. 14 at Exh. D, E.   These allegations are incorporated into "Claim I" of the FAC.  D.I. 14 at ¶ 31.  The FAC includes express allegations of Mosyle's use of the method of

claim 27 by 1) quality testing of the accused products, and 2) demonstrations of operation of the accused products. *Id; see also Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1367 (Fed. Cir. 2001) (The Federal Circuit has long held that testing is a use of an invention which can give rise to liability for direct infringement under 35 U.S.C. § 271(a).). These allegations, which must be taken as true, are surely sufficient to put Mosyle on notice of Kajeet's claims and the bases therefore.

In support of its Motion, Mosyle argues that the allegations of the FAC do not address every limitation of claim 27 and that, even if they do, they are "too vague to provide notice of how and why Mosyle allegedly infringes." D.I. 17 at 11-15. These challenges to the FAC find no basis in the law, however, as they improperly seek to attack the "viability" of Kajeet's allegations rather than the "plausibility" thereof. *LoganTree LP*, 2019 U.S. Dist. LEXIS 159730 at *9. Further, they would impose a higher requirement for specificity of underlying factual allegations than is required under the relevant case law for direct infringement. *Groove Digital*, 2019 U.S. Dist. LEXIS 13563, at *9 ("To satisfy the pleading standard in a patent case, '[s]pecific facts are not necessary.'") (citations omitted).

More specifically, Mosyle's Motion contends that the FAC "lacks any explanation of how usage of any Accused Product causes a request to communicate with a remote computing device to be sent over a server or a decision in real-time allowing or denying requests to be received." D.I. 17 at 12. This contention flatly fails to apply the actual language of the asserted claim. Also, it is improperly based on consideration of only the allegations of Paragraph 28 of the FAC, rather than all allegations presented in the FAC. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (complaint must be considered in its entirety).

Mosyle ignores the allegations of at least Paragraphs 21-27 of the FAC.   These paragraphs allege that the accused products comprise servers and downloadable software which are implemented to control computing devices, which may be tablets, smartphones, and the like. D.I. 14 at ¶¶ 21-22.  Various functionality of these types of devices are known to include the ability to communicate with other devices over a communication network.  Several typical uses of these types of computing devices are described in the FAC. D.I. 14 at ¶¶ 17-18.  The FAC further alleges that local agent software (i.e., the Mosyle Business and ScreenGuide applications) effects control of the device via regular and/or scheduled sending of feature use requests to the Mosyle servers for policy application.  D.I. 14 at ¶ 23.  It does so by "caus[ing] the managed device to generate or direct requests for uses of the device for comparison to applicable usage policies" which are "set and stored on Mosyle's servers remote from the managed computing device."   D.I. 14 at ¶ 26.   "Decisions based on application of the master policies are communicated to the controlled device for enforcement in response to requests…"  D.I. 14 at ¶ 27.  These allegations are presented in summary form in the claim chart at paragraph 28. These allegations of the FAC clearly and completely refute Mosyle's contention that the FAC is devoid of allegations addressed to the sending of request to a server and receiving a decision in real-time that is based on a policy stored at the server.

Mosyle's contention that the FAC contains no allegations pertaining to how the policy decisions are enforced on a computing device without storing the policy on the computing device is also flawed.  D.I. 17 at 13-14.  As noted above, the accused products are alleged to comprise local agent software that generates and directs requests to the Mosyle servers.  D.I. 14 at ¶ 22-23. These requests are applied to master policies set and stored at the Mosyle servers, upon which all real-time usage decisions are ultimately made.  D.I. 14 at ¶ 24-25.  This is the only manner of

setting and storing of policies by an administrator accommodated by the accused products as policies are not configurable by an administrator on the managed devices, themselves.  D.I. 14 at ¶ 24 ("all master policies defining permissible and impermissible uses of a device are set by administrators from an administrator's computer or mobile device"); D.I. 14 at ¶ 26 ("Master policies are set and stored on Mosyle's servers remote from the managed computing device"). Decisions based on these policies are communicated to the managed device and enforced via "selectively permit[ting] or block[ing] access to device features."  D.I. 14 at ¶ 25.  These allegations are presented in summary form in the claim chart at paragraph 28.  Again, these allegations of the FAC clearly and completely refute Mosyle's contention of insufficiency of the allegations made therein to put Mosyle on notice of Kajeet's claims.

Mosyle's final direct infringement sufficiency challenge baldly asserts that the allegations of the FAC are "too vague."  D.I. 17 at 14.  Mosyle cites to a nearly ten-year-old District Court holding which has been cited in only three subsequent decisions as standing for the premise that allegations as to "'how and why' [a Defendant infringes] is necessary to state a claim for direct infringement."  D.I. 17 at 15 (referring to string citation for *Via Vadis, LLC v. Skype, Inc.*, No. 11-507, 2012 WL 261367, at *2 (D. Del. Jan. 27, 2012)).  However, that is not the standard expressly provided by the Supreme Court in *Iqbal/Twombly*, which instead requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  Kajeet has done so in its FAC by including the several allegations relating to the components and operation of Mosyles accused products, which are highlighted above, and by providing weblinks to videos and attaching product literature describing the accused products which are consistent with Kajeet's allegations.

10

Taking these allegations as true, Kajeet has satisfied its burden to plausibly state a claim for relief for direct infringement of claim 27 of the '559 Patent by Mosyle through its use of the accused products in the manner described in the FAC.

### B.      Kajeet Sufficiently Pled Indirect Infringement

Mosyle's first argument for requesting a dismissal of Kajeet's indirect infringement claims is that it did not adequately plead direct infringement claims against Mosyle. While direct infringement must be sufficiently pled in order for indirect infringement to be properly plead, Kajeet has set forth above the reasons why its direct infringement allegations are more than sufficient.

Mosyle's remaining arguments focus on whether Kajeet's statements that Mosyle had knowledge of the '559 patent as of the filing of the FAC are sufficient to meet the knowledge requirement. It is important to note that Mosyle did not argue that Kajeet's indirect infringement allegations were in any other way deficient or that they did not sufficiently address the other requirements for indirect infringement. Instead, Mosyle's argument focuses only on the knowledge element.

In its Original Complaint, Kajeet alleged that Mosyle had knowledge of the patents and infringement allegations "since at least the filing of the complaint." Courts in this District have held this language to be sufficient to plead a claim to support a claim for indirect infringement. *Collabo Innovations, Inc. v. OmniVision Techs., Inc.*, 2017 U.S. Dist. LEXIS 10199, at *22-24 (recognizing an earlier split of authority in this District but concluding that pleading knowledge as of the filing of the complaint is sufficient). And in the present case, Kajeet has filed an FAC after the Original Complaint, such that Mosyle had knowledge of the indirect infringement allegations well before the operative pleading (the FAC).

11

Other courts in this District have distinguished between pre-suit knowledge and post-suit knowledge for purposes of alleging indirect infringement and have likewise held that alleging knowledge of the infringement allegations "as of the filing date of the complaint" is sufficient to satisfy the knowledge requirement for a post-suit indirect infringement claim.  *See e.g. IOENGINE, LLC v. PayPal Holdings, Inc*., 2019 U.S. Dist. LEXIS 12195, at \*12-13 (D. Del. Jan. 25, 2019); *Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc*., 73 F.Supp.3d 435, 441 (D. Del. Nov. 5, 2014); *Intellectual Ventures I LLC, et al. v. Ricoh Co., Ltd., et al.*, 67 F. Supp. 3d 656, 662 (D. Del. Sept. 12, 2014). Plaintiff's allegations of indirect infringement comply with this standard.

A Court in this District addressed this issue squarely in the recent *Groove Digital*(D. Del. January 29, 2019) opinion. In that case, the Court held that "[p]laintiff's filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability." 2019 U.S. Dist. LEXIS 13563 at \*10-11. Other courts in this District have also taken this position.  *See e.g. NexStep, Inc. v. Comcast Cable Communications, LLC,* 19-1031-RGA-SRF, 2019 US Dist. LEXIS 189713 at \*9-10 (D. Del. Oct. 31, 2019).

The position taken in the multitude of cases in this District concerning post-suit knowledge stems from earlier decisions by Chief Judge Stark and Judge Robinson in cases like *Walker Digital, LLC v. Facebook, Inc*., 852 F. Supp. 2d 559, 565-6 & n.11 (D. Del. Apr. 4, 2012) and *Apeldyn v. Sony Corp.,* 852 F.Supp.2d 568, 573 & n.8 (D. Del. Apr. 4, 2012).  These cases, similarly involved the filing of an amended complaint as is the case here. Judge Robinson explained the practicality of extending this holding in *Walker Digital* even to the filing of an original complaint:

> Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy, the court finds that the better

> reasoning is to allow a complaint that satisfies Rule 8 to proceed to discovery
> rather than dismissing it for lack of pre-filing knowledge when, by the time the
> motion to dismiss has been filed, defendant in fact has the requisite knowledge as
> pled by plaintiff.

852 F. Supp. 2d 559, 566, n. 11.  Here, Defendant has, in fact, had knowledge of the patent from

the time of the filing of the Original Complaint as realleged in the FAC.

In the single case from this District to which Mosyle cites regarding post-suit indirect

infringement claims, only the original complaint had been filed – not an amended complaint as is

the case here. *Helios Streaming, LLC v. Vudu, Inc.,* 2020 U.S. Dist. LEXIS 104522, at *4 (D.

Del. June 15, 2020). Finally, the other two cases Mosyle cites regarding post-suit indirect

infringement claims and allegations in amended complaints are from courts in other districts.

(Mosyle Motion, at p. 17-18). Kajeet respectfully requests that the Court follow the case law in

this District and deny Mosyle's Motion with respect to indirect infringement.

### C.    Kajeet Sufficiently Pled Willful Infringement

As with its argument regarding indirect infringement, Mosyle's sole reason seeking

dismissal of Kajeet's willfulness claim is its contention that it lacked the requisite knowledge of

the '559 patent prior to the filing of the Original Complaint. However, just as knowledge of the

patent as of the filing of the FAC supports a claim for indirect infringement, so too  is it

sufficient to sustain a claim for willful infringement.

In fact, several courts, including some judges of this Court, have held that even alleging

knowledge of the infringement allegations as of the filing of the original complaint is sufficient

to sustain post-suit willful infringement claims. *See, e.g.,  Zimmer Surgical, Inc. v. Stryker Corp.,*

2017 U.S. Dist. LEXIS 139274, at *5 (D. Del. Aug. 30, 2017); *DermaFocus LLC v. Ulthera,*

*Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016). In *Zimmer,* the court recognized a split of

authority on this issue not only across districts but within this District as well. Ultimately, the

*Zimmer* court determined that pleading knowledge as of the filing of the complaint was sufficient. *Zimmer,* 2017 U.S. Dist. LEXIS 139274, at *4-5. Other district courts finding the same include: *Progme Corp. v. Comcast Cable Communs. LLC*, 2017 U.S. Dist. LEXIS 182484, at *34 (E.D. Pa. Nov. 3, 2017); *T-Rex Prop. AB v. Regal Entm't Grp.*, 2017 U.S. Dist. LEXIS 156859, at *23-24 (E.D. Tex. Aug. 31, 2017).

Based on these cases, the willful infringement allegations in the Original Complaint are sufficient to satisfy pleading the knowledge requirement for post-suit willful infringement.

### D.       Kajeet's Sufficiently Pled Compliance with 35 U.S.C. § 287 (a)

Finally, Mosyle seeks dismissal of Kajeet's claim for past damages contending that it did not plead compliance with the notice provisions of § 287(a), referred to as the marking statute. Even if the marking statute is applicable here, Kajeet sufficiently pled compliance in both its Original and FAC,  and is entitled to past damages on that basis. D.I. 1, at ¶ 31; D.I. 14, at ¶ 34.

In addition, Kajeet specifically alleges infringement of claim 27 of the '559 patent which is a method claim. D.I. 14, at ¶ 34. The law is well settled that the notice provisions of § 287(a) do not apply where the patent is directed to a process or method, and the Court should also deny Mosyle's Motion on this basis. *See ActiveVideo Networks, Inc. v.* Verizon *Communs., Inc.,* 694 F.3d 1312, 1334 (Fed. Cir. 2012); *Crown Packaging Tech., Inc. v. Reexam Bev. Can Co.,* 559 F.3d 1308, 1386 (Fed. Cir. 2009) (In cases where a patent includes both apparatus and method claims but only method claims are asserted, the Federal Circuit has held that of § 287(a) does not apply.). Should Kajeet assert apparatus claims in its infringement contentions, the statements in the FAC are sufficient to entitle it to move past the pleading stage with a claim for past damages.

Mosyle relies on the *Express Mobile* case to support its position. That case requires only that the plaintiff actually plead compliance with the statute. *Express Mobile, Inc. v. DreamHost*

*LLC*, 2019 U.S. Dist. LEXIS 101468 at \*4-5 (D. Del. June 8, 2019). It does not require any particular level of additional specificity. There, the plaintiff's complaint was silent as to the marking statute, making no attempt to plead compliance. *Id.* The court's holding was based on the fact that there simply was no affirmative statement regarding compliance.

Here, Kajeet sufficiently pled compliance with the marking statute in its Original Complaint filed on January 4, 2021. (See D.I. 1, at ¶ 31, stating "Kajeet has complied with 35. U.S.C. § with respect to the '559 patent"). This statement, which must be taken as true, is enough to satisfy the standard set out in the *Express Mobile* case. In its FAC, Kajeet included this same statement and cited to additional facts to explain how it, in fact, has complied. Kajeet states that it virtually marks its products via its website. D.I. 14, at ¶ 31. Kajeet even includes a URL link to its website showing how it lists the relevant patent numbers. *Id.* Mosyle complains that Kajeet does not specify any further how it is products are virtually marked. Kajeet stated clearly that it has complied with § 287 and provided factual support for this assertion. Nothing more is required at the pleading stage.

## VI.   CONCLUSION

For the reasons set forth above, Mosyle's Motion should be denied in its entirety.

Dated:  April 8, 2021                               Respectfully submitted,

Of Counsel:                                         FARNAN LLP

Jonathan T. Suder                                   /s/ Michael J. Farnan
Michael T. Cooke                                    Brian E. Farnan (Bar No. 4089)
Corby R. Vowell                                     Michael J. Farnan (Bar No. 5165)
Richard A. Wojcio, Jr.                              919 N. Market Str., 12th Floor
FRIEDMAN, SUDER & COOKE                             Wilmington, DE 19801
Tindall Square Warehouse No. 1                      Tel: (302) 777-0300
604 East 4th Street, Suite 200                      Fax: (302) 777-0301
Fort Worth, Texas 76102                             bfarnan@farnanlaw.com
Telephone: (817) 334-0400                           mfarnan@farnanlaw.com
Facsimile: (817) 334-0401
jts@fsclaw.com                                      *Attorneys for Plaintiff Kajeet, Inc.*
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

16