IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAJEET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOSYLE CORPORATION, <br><br> Defendant. | C.A. No. 21-cv-00006-MN <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT MOSYLE CORPORATION'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF KAJEET, INC.'S FIRST AMENDED COMPLAINT**

                                      Nitika Gupta Fiorella (#5898)
                                      FISH & RICHARDSON P.C.
                                      222 Delaware Avenue, 17th Floor
                                      Wilmington, DE  19899
                                      (302) 652-5070
                                      fiorella@fr.com

                                      Lawrence Kolodney
                                      Joy B. Kete
                                      FISH & RICHARDSON P.C.
                                      1 Marina Park Drive
                                      Boston, MA 02210
                                      (617) 542-5070
                                      kolodney@fr.com
                                      kete@fr.com

                                      ***Attorneys for Defendant, Mosyle Corporation***

Dated:  April 15, 2021

**TABLE OF CONTENTS**

I.   Argument ........................................................................................................... 1

    A.   Kajeet Failed to Plead Facts Sufficient to Support Its Direct
        Infringement Allegations........................................................................... 1

    B.   Kajeet Failed to Plead Facts Sufficient to Support Its Indirect
        Infringement Allegations........................................................................... 6

    C.   Kajeet Failed to Plead Facts Sufficient to Support Its Pre-Suit
        Willful Infringement Allegations.............................................................. 8

    D.   Kajeet Failed to Plead Facts Sufficient to Support Its Past
        Damages Allegations ................................................................................ 8

II.  Conclusion ....................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**                                           **Page(s)**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ............................................................................................9

*Antonious v. Spaulding & Evenflo Companies, Inc.*,
   275 F.3d 1066 (Fed. Cir. 2002) ........................................................................................3

*Boston Scientific Corp. v. Nevro Corp.*,
   415 F. Supp. 3d 482 (D. Del. 2019) ..........................................................................2, 5, 6

*Collabo Innovations, Inc. v. OmniVision Techs., Inc.*,
   No. 16-197-SLR-SRF, 2017 WL 374484 (D. Del. Jan. 25, 2017) ....................................6

*Express Mobile, Inc., v. DreamHost LLC*,
   No. 1:18-cv-01173-RGA, 2019 WL 2514418 (D. Del. Jun. 18, 2019)..............................9

*Helios Streaming, LLC v. Vudu, Inc.*,
   No. 19-1792-CFC/SRF, 2020 WL 3167641 (D. Del. Jun. 15, 2020) ................................7

*LoganTree LP v. Omron HealthCare, Inc.*,
   No. 18-1617 (MN), 2019 WL 4538730 (D. Del. Sept. 19, 2019)..................................4, 5

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
   No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017)...............................2, 5

*SIPCO, LLC v. Streetline, Inc.*,
   230 F. Supp. 3d 351 (D. Del. 2017) .................................................................................2

*SuperInterconnect Techs. LLC v. HP Inc.*,
   No. 19-0169-CFC, 2019 WL 6895877 (D. Del. Dec. 18, 2019) ......................................3

*Uniloc 2017 LLC v. ZenPayRoll, Inc.*,
   No. 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020) ...............................5

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
   No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ...........................7, 8

**Statutes**

35 U.S.C. § 287................................................................................................................9

## I. ARGUMENT

### A. Kajeet Failed to Plead Facts Sufficient to Support Its Direct Infringement Allegations

It is undisputed that pleading direct infringement requires "alleging that the accused products meet *each and every element* of at least one claim." (D.I. 21 at 5 (emphasis added).) Kajeet's direct infringement allegations fail because the amended complaint does not meet this requirement. Specifically, the amended complaint does not recite facts that make it plausible that Mosyle products practice two key requirements of claim 27: (i) sending to a server a "request to communicate with a remote computing device" and receiving a "real-time" decision from the server granting or denying the request; and (ii) granting or denying the request based on a policy that is "stored at the server" and not stored "on the computing device."

In its opposition, Kajeet relies primarily on the claim chart contained in paragraph 28 of the amended complaint to argue that it has met its pleading burden. (D.I. 21 at 6-8.)[1] According to Kajeet, the claim chart is sufficient because it "specifically [ties] factual allegations made to the claim limitations that each satisfies." (*Id.* at 7.) But Kajeet's argument is misplaced. As previously explained in Mosyle's opening brief (D.I. 17 at 11-14), even if all of the facts recited in Kajeet's claim chart were true, they would not establish a prima facie case of infringement, and thus fail to make a plausible case that Mosyle's products infringe. For example, rather than describing a circumstance in which the accused product makes a "request to communicate with a remote computing device" as claimed, the claim chart simply alleges that the accused products

---

[1] Kajeet also criticizes Mosyle for "ignor[ing] the allegations of at least [p]aragraphs 21-27 of the [amended complaint]" and appears to be suggesting that the factual allegations from these paragraphs are sufficient to prove infringement. (D.I. 21 at 9.) They are not, which is discussed at length in Mosyle's motion to dismiss the original complaint (which focused extensively on these paragraphs in the absence of a claim chart or any other attempt to tie the descriptions of Mosyle's products to the claim limitations). (D.I. 10 at 7, 11-12.)

1

make requests concerning "acceptable use policies, including *screen time allowance*," features which have nothing to do with requesting communication with a remote computing device. (D.I. 14 at ¶ 28 (emphasis added).) Similarly, where the claim requires that "a decision granting or denying the request" be received "from the server" in "real-time," the claim chart merely alleges that "[r]ules are applied in real time to allow / disallow use of various functions on the managed device." (*Id.*) The chart includes no allegation of receiving *any* sort of decision from a server, let alone one "granting or denying" a request for access. (*Id.*)

      Thus, while it is true that Kajeet has filled in the boxes next to each limitation in its claim chart with factual allegations, those allegations, even if true, simply fail to show that each limitation of claim 27 would be present in a Mosyle product. Absent such allegations, Kajeet's claim chart amounts to little more than a conclusory allegation that all of claim 27's limitations have been met, augmented by irrelevant factual allegations that do nothing to back up that assertion. But it is well established that such conclusory allegations, bereft of facts to back them up, are insufficient to meet the *Iqbal/Twombly* pleading standard. *See, e.g.*, *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (dismissing direct infringement allegations because the complaint "does little more than parrot back the language of [the asserted] claim elements and then states that the accused product is comprised of such elements"); *Boston Scientific Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (explaining "[t]o provide notice, a plaintiff must generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the alleging infringing product to the claim elements" (emphasis in original)); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (dismissing direct infringement claims where plaintiff alleged "here are ten patents

we own," "you sell some products, which we have identified," and "the sales of your products infringe our patents"). This is particularly true in cases like this one that involve complex software products, since without a detailed mapping of claim limitations to specific infringing features, the complaint fails to provide fair notice of the basis of the plaintiff's infringement allegations. *See SuperInterconnect Techs. LLC v. HP Inc.*, No. 19-0169-CFC, 2019 WL 6895877, at *2, n.3 (D. Del. Dec. 18, 2019) (noting that where "the technology is far from simple" conclusory allegations fail to "provide fair notice of [the] infringement claims"). Kajeet's failure to do more here is fatal to its direct infringement claim.

In an apparent attempt to excuse its failure to expressly allege facts establishing infringement, Kajeet argues that its amended complaint is "based upon its review of the limited product literature authored by Mosyle describing its infringing products." (D.I. 21 at 7.) But Kajeet's reliance on supposedly limited public information about Mosyle's product does not justify Kajeet's failure to allege facts that would establish infringement. Even when lacking conclusive evidence of infringement, a party filing a patent infringement complaint must nonetheless have a good faith belief, "based on some actual evidence uncovered during the prefiling investigation, *that each claim limitation reads on the accused device* either literally or under the doctrine of equivalents." *Antonious v. Spaulding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002) (emphasis added). In other words, prior to filing suit, the party must have concluded, based on direct evidence or on good faith belief, that the accused product has specific features that would satisfy each claim limitation of at least one claim. The fact that Kajeet has failed to identify such features in its amended complaint suggests that its attorneys either failed to do a pre-suit investigation or, upon doing so, failed to conclude that specific features corresponding to claim 27 were likely present in the Mosyle product. In either event,

Kajeet's inability to articulate a coherent infringement theory in its amended complaint renders Kajeet's infringement allegation implausible.

Kajeet also seeks support from this Court's decision in *LoganTree LP v. Omron HealthCare, Inc.*, No. 18-1617 (MN), 2019 WL 4538730 (D. Del. Sept. 19, 2019), which denied a motion to dismiss after reviewing an infringement claim chart attached to the complaint. However, the facts of this case are readily distinguishable from those in *LoganTree*. The plaintiff in *LoganTree* submitted a 21-page claim chart in support of its direct infringement allegations. *LoganTree LP v. Omron HealthCare, Inc.*, No. 18-1617 (MN), D.I. 1-3 (D. Del. Oct. 18, 2018). The claim chart mapped each limitation of the asserted claims to plaintiff's factual allegations regarding the accused products. Plaintiff's factual allegations regarding the accused products were supported by (i) documents from defendant's website describing how the accused products work, (ii) third-party websites and videos describing how the accused products work, and (iii) FCC teardowns identifying specific components accused of infringement. *Id.* In addition to the claim chart, plaintiff included a summary of its infringement allegations in the body of the complaint, placing defendant on notice regarding the specific functionality accused of infringement for each limitation of the asserted claims. *Id.* at D.I. 1 (D. Del. Oct. 18, 2018). This Court found direct infringement was adequately pled because "LoganTree explains how the Accused Products allegedly infringe claims 1 and 13 by describing how the Accused Products meet the [sic] each and every claim limitation of those claims." *LoganTree*, 2019 WL 4538730 at *3.

By contrast, the direct infringement allegations in Kajeet's amended complaint utterly fail to "explain[] *how* the Accused Products ... meet each and every claim limitation," and are thus not comparable to those in *LoganTree*. The only purported descriptions of how the accused

products work are contained in paragraphs 21-28 of Kajeet's amended complaint. (D.I. 14 at ¶¶ 21-28.) These descriptions are high-level and generic; the only attempt to map these descriptions to the '559 patent is contained in paragraph 28's claim chart. (*Id.*) Unlike the claim chart in *LoganTree*, Kajeet's claim chart (and related product descriptions) do not contain citations of any kind. (*Id.* at ¶ 28.)[2] Moreover, as noted above, Kajeet's claim chart fails to even allege even unsupported facts that would show infringement. In short, Kajeet's amended complaint does not put Mosyle on notice regarding the specific aspects or functionality of the accused products that supposedly infringe and should be dismissed on that basis. *See Uniloc 2017 LLC v. ZenPayRoll, Inc.*, No. 19-1075-CFC-SRF, 2020 WL 4260616, at *2 (D. Del. July 23, 2020) ("[T]o survive a 12(b)(6) motion, a complaint alleging direct infringement must contain facts plausibly indicating that a defendant's accused product practices *each limitation* of the asserted patent[.]").

Finally, Kajeet asserts that the allegations in the amended complaint are not "too vague" to state a claim for direct infringement. (D.I. 21 at 10.) Kajeet argues that it is not necessary to allege the "how and why" of infringement to survive a motion to dismiss and criticizes one of the many cases Mosyle cites on this issue as being nearly ten years old. (*Id.*) This misses the point. Again, as discussed above, courts have routinely (and recently) held that plaintiffs cannot allege infringement by simply "parrot[ing] back the claim language" and "mak[ing] no attempt to connect specific components of the accused systems to elements of the asserted claims." *North Star*, 2017 WL 5501489, at *2; *Boston Scientific*, 415 F. Supp. 3d at 490. Kajeet's failure to do more here is fatal to its direct infringement claim.

---

[2] Kajeet also attempts to fill the gaps in its the direct infringement allegations by pointing to product manuals and YouTube manuals cited in connection with its indirect infringement allegations. (D.I. 21 at 6-10; D.I. 14 at ¶¶ 44, Exs. C-E.) But nothing in these materials addresses the factual gaps in Kajeet's direct infringement allegations.

5

### B. Kajeet Failed to Plead Facts Sufficient to Support Its Indirect Infringement Allegations

As discussed above, Kajeet does not adequately plead direct infringement. This is an independent basis for dismissing the indirect infringement claims in the amended complaint.

Kajeet's pre-suit and post-suit indirect infringement claims should also be dismissed because the amended complaint does not plead sufficient knowledge of the '559 patent. With respect to pre-suit indirect infringement, Kajeet has never alleged in any of its complaints that Mosyle had knowledge of the '559 patent before this suit was filed. As Kajeet's brief admits, the original complaint alleges knowledge of the "patents [sic] and infringement allegations 'since at least the filing of the complaint.'" (D.I. 21 at 11.) The amended complaint then relies on the original complaint to establish knowledge, which Kajeet asserts is "well before the operative pleading (the FAC)." (*Id.*) The dismissal of Kajeet's pre-suit indirect infringement claims should therefore be a non-issue, and it is unclear from the briefing whether Kajeet opposes the motion to dismiss on this narrow ground. (*Id.*) Kajeet cites no authority suggesting that a claim of pre-suit indirect infringement can survive a motion to dismiss without any allegation of pre-suit knowledge. (*Id.*) Instead, the case Kajeet cites in this portion of its brief, *Collabo Innovations, Inc. v. OmniVision Techs., Inc.*, No. 16-197-SLR-SRF, 2017 WL 374484 (D. Del. Jan. 25, 2017), relates to a claim for post-suit indirect infringement (not pre-suit indirect infringement).

With respect to post-suit indirect infringement, Kajeet correctly points out that there is a split of authority within this District and around the country regarding the pleading standard. (D.I. 21 at 12.) The issue is whether an earlier filed complaint can serve as the basis for a

6

defendant's knowledge of an asserted patent for post-suit indirect infringement.[3] As detailed in Mosyle's opening brief, this Court should follow the line of cases holding that the filing of an original complaint, without more, cannot establish knowledge for post-suit indirect infringement. (D.I. 17 at 17-18 (collecting cases)). In arguing for the opposite result, Kajeet does not address the policy concerns raised in Mosyle's brief. (*Id.* at 18; D.I. 21 at 11-13.) For example, Kajeet does not address how a contrary holding would incentivize plaintiffs to file a complaint and then to immediately turn-around and file an amended complaint alleging post-suit indirect infringement based on knowledge of an asserted patent created by filing the original complaint. Such a result would eviscerate the knowledge requirement for indirect infringement.

Kajeet criticizes Mosyle's reliance on *Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC/SRF, 2020 WL 3167641 (D. Del. Jun. 15, 2020). As Kajeet notes, in that case, only an original complaint had been filed—not an amended complaint. *Id.* at *4. But the specific portion of *Helios* that Mosyle relies on discusses exactly the scenario at issue here—that is, what would happen if an amended complaint was filed that cites back to the original complaint to establish knowledge. The full footnote from Judge Connolly's opinion reads:

> "Because the purpose of a complaint is to obtain relief from an existing claim and not to create a claim, Plaintiffs should not assume that if they accept the Magistrate Judge's invitation to 'to file an amended pleading alleging post-suit inducement based on knowledge derived from the filing of the original complaint[,]' D.I. 28 at 10, I will deny a motion by defendants to dismiss that amended pleading."

*Id.* at *2, n.1.

Judge Connolly recently elaborated on this position in *Zapfraud, Inc. v. Barracuda Networks, Inc.*, No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021). In that case,

---

[3] A related issue, addressed in Mosyle's motion to dismiss the original complaint, is whether the complaint itself can satisfy the knowledge requirement for indirect infringement. (D.I. 10 at 16-17).

7

plaintiff had filed an original complaint, a first amended complaint, and then a second amended complaint. *Id.* at *1. Defendant moved to dismiss the indirect infringement claims in the second amended complaint, which relied entirely on the original complaint to establish knowledge of the asserted patent. *Id.* at *2. In rejecting the Magistrate Judge's Report and Recommendation, Judge Connolly explained that "in the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint *or a prior version of the complaint* filed in the same lawsuit." *Id.* at *4. This Court should take the same approach here by dismissing Kajeet's indirect infringement claims.

### C. Kajeet Failed to Plead Facts Sufficient to Support Its Pre-Suit Willful Infringement Allegations

Kajeet's pre-suit willful infringement claim should be dismissed for the same reason as Kajeet's pre-suit indirect infringement claims—because Kajeet does not and has never alleged that Mosyle had pre-suit knowledge of the '559 patent. The cases Kajeet cites in its opposition relate to a separate issue, which is whether the filing of the original complaint is sufficient to sustain a *post-suit* willful infringement claim. (D.I. 21 at 13-14.) But Mosyle did not move on post-suit willful infringement issue with respect to the amended complaint. (D.I. 17 at 18-19.) As it appears to be undisputed that the amended complaint alleges that Mosyle learned of the '559 patent when this lawsuit was filed, and not any earlier, Kajeet's pre-suit willful infringement claim should be dismissed.

### D. Kajeet Failed to Plead Facts Sufficient to Support Its Past Damages Allegations

Kajeet's past damages claim should be dismissed because the amended complaint does not sufficiently plead compliance with the marking statute. In opposition, Kajeet argues that (i)

8

it was not required to plead compliance with the marking statute because the only asserted claim is a method claim, and (ii) the amended complaint sufficiently pleads compliance with the marking statute. (D.I. 21 at 14-15.)

Kajeet's position that it is not required to plead compliance with the marking statute is unpersuasive. While claim 27 is a method claim, it does not appear to be the only claim that Kajeet intends to assert against Mosyle. Indeed, the amended complaint references Mosyle's alleged infringement of "at least claim 27" and "reserves the right to assert additional claims of the '559 patent against Mosyle." (D.I. 14 at ¶¶ 43, 46.) Most of the remaining claims of the '559 patent are product claims, and Kajeet has made no representation that it will not assert any such product claims. Where a plaintiff asserts a patent containing both method and apparatus claims, and does not limit itself to assert only method claims, the Federal Circuit has held that the marking statute applies. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993).

Kajeet additionally argues that the amended complaint sufficiently pleads compliance with the marking statute. Here, Kajeet argues that *Express Mobile, Inc., v. DreamHost LLC*, No. 1:18-cv-01173-RGA, 2019 WL 2514418, at *2 (D. Del. Jun. 18, 2019), does not require pleading compliance with the marking statute with "any particular level of additional specificity." (D.I. 21 at 15.) Kajeet is mistaken. Under the *Iqbal / Twombly* pleading standard, the amended complaint is insufficient because, accepting as true its only factual allegations regarding compliance with the marking statute, it is not plausible that Kajeet has complied. That is because Kajeet has failed to allege any facts suggesting that licensed or otherwise covered products actually include the URL to the relevant webpage, which is an essential requirement to satisfy the virtual marking requirement. 35 U.S.C. § 287 (requiring for virtual marking "fixing thereon

9

the word 'patent' or the abbreviation 'pat.' together with the address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patent article with the number of the patent"). Simply listing patents on your website, without marking the corresponding products themselves in some way, is insufficient as a matter of law under the marking statute. Since Kajeet would certainly be aware if its licensed products were being marked, its failure to allege such marking renders implausible its claim to have complied with the marking statute. As such, Kajeet's pre-suit damages claim should be dismissed.

## II.     CONCLUSION

For the foregoing reasons, Mosyle respectfully requests that the Court dismiss Kajeet's direct, indirect, and willful infringement claims, as well as its claim for past damages, with prejudice.

Dated:  April 15, 2021                    FISH & RICHARDSON P.C.

By: */s/ Nitika Gupta Fiorella*
Nitika Gupta Fiorella (#5898)
222 Delaware Avenue, 17th Floor
Wilmington, DE  19899
(302) 652-5070
fiorella@fr.com

Lawrence Kolodney
Joy B. Kete
FISH & RICHARDSON P.C.
1 Marina Park Drive
Boston, MA 02210
(617) 542-5070
kolodney@fr.com
kete@fr.com

**Attorneys for Defendant
Mosyle Corporation**

10